Alexander J. Taylor, Esq.
California Bar No. 332334
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8188
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN C. BONADIES,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:20-cv-09382<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT PURSUANT TO 47 U.S.C. § 227.**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Justin C. Bonadies ("Plaintiff"), by and through the undersigned attorney, complaining Wells Fargo Bank, N.A. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and is domiciled in the Northern District of California.

1

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a national banking institution with its principal place of business located at 420 Montgomery Street, San Francisco, California 94104. Defendant is one of the nation's largest financial institutions and regularly conducts business around the country and in the State of California.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Prior to the events giving rise to this cause of action, Plaintiff had a bank account with Defendant.

7. Plaintiff incurred a small debt on his bank account. With added fees and interest, the amount Plaintiff owed was approximately $150 ("subject debt").

8. Due to unforeseen financial hardship, Plaintiff was not able to pay off the subject debt.

9. In 2018, Defendant began placing collection calls to Plaintiff's cellular telephone number (856) XXX-4338, in an attempt to collect on the subject debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 4338.

11. Frustrated by the frequent phone calls, Plaintiff answered on December 4, 2020 and demanded that Defendant stop calling and harassing him.

12. Despite Plaintiff's request, Plaintiff has continued to receive frequent collection calls from Defendant.

13. Plaintiff answered additional calls and demanded Defendant stop calling him on December 5, December 6, and December 7, 2020.

14. In total, Defendant placed or caused to be placed numerous phone calls to Plaintiff's cellular telephone from 2018 through the present day.

15. Defendant often calls Plaintiff multiple times in one day and on back to back days with such frequency that can reasonably be expected to harass.

16. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

17. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

18. Moreover, Plaintiff also hears what sounds to be call center noise in the background of Defendant's calls.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

20. Defendant mainly called Plaintiff from the phone number (877) 647-8552, but upon information and belief, Defendant may have used multiple other phone numbers to contact Plaintiff.

**DAMAGES**

21. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription

services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

23. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

24. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

27. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

28. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

29. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

30. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

4

31. The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiff did not wish to receive further calls clearly evinces the fact that Defendant's phone system stored Plaintiff's phone number and continued to randomly or sequentially auto-dial Plaintiff's cellular phone number without his consent.

32. There would be no reason for Defendant to continue to contact Plaintiff, especially after having been notified to cease all telephone communications. Yet, Defendant's ATDS continued to keep Plaintiff's phone number stored, causing its system to randomly or sequentially dial the number dozens of times thereafter.

33. Any prior consent, if any, was revoked by Plaintiff's multiple revocations.

34. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone from 2018 through the present day, using an ATDS without his prior consent.

35. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

36. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

37. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

38. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

39. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

40. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing

5

violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, JUSTIN C. BONADIES, respectfully requests that this Honorable Arbitration enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Enjoining Defendant from further contacting Plaintiff; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 29, 2020                             Respectfully submitted,

                                                     /s/ Alexander J. Taylor
                                                     Alexander J. Taylor, Esq.
                                                     California Bar No. 332334
                                                     Sulaiman Law Group, Ltd.
                                                     2500 S. Highland Ave, Suite 200
                                                     Lombard, IL 60148
                                                     Telephone: (630) 575-8181
                                                     Fax: (630) 575-8188
                                                     ataylor@sulaimanlaw.com
                                                     *Counsel for Plaintiff*